HENRY BOYD *et al.*, Plaintiffs in Error, *v.* DAVID C. McADAMS, Defendant in Error.

### ERROR TO GREENE.

In an action of replevin against two, each may interpose the plea of *non detinet* separately.

In such an action, a plea of property in one of the defendants, is good upon a general demurrer.

THIS cause was heard before WOODSON, Judge, at June term, 1854, of Greene Circuit Court.

J. M. PALMER, for Plaintiffs in Error.

J. M. PURSLEY, for Defendant in Error.

Smith *v.* Curry et. al.

TREAT, C. J. This was an action of replevin, brought by McAdams against Boyd and Ellis. The declaration alleged, in substance, that the defendants were possessed of a buggy, the property of the plaintiff, to be delivered to him on demand; yet the defendants, though requested to deliver the same, refused so to do, and therefore wrongfully detained it from the plaintiff. The defendants pleaded separately; each pleaded that he did not detain the buggy from the plaintiff, and Ellis pleaded, in addition, that the buggy was his property, and not that of the plaintiff. The court sustained a general demurrer to each of the pleas, and rendered judgment for the plaintiff.

The cause was submitted without argument, and we are consequently not aware of the grounds on which the demurrers were sustained. The plea of *non detinet* was certainly applicable to the case made by the declaration; and we know of no rule that prevents the defendants from interposing this defense separately. If they did not withhold the buggy from the possession of the plaintiff, they clearly ought not to be charged with the costs of the action, nor with damages for the detention of the property. If one of them did not participate in the detention, and was therefore improperly made a party to the suit, he should not be included in any judgment to be rendered against the other. And if the allegations of the special plea are true, the plaintiff has no right to maintain the action, and should be compelled to restore the property. The pleas are all good on general demurrers.

The judgment is reversed and the cause remanded.

*Judgment reversed.*